Case 8:06-cv-01707-SCB-MAP   Document 14   Filed 11/29/06   Page 1 of 4 PageID 102

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN KING,

    Plaintiff,

v.    Case No. 8:06-CV-1707-T-24MAP

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Complaint as Preempted by ERISA (Doc. No. 8). Plaintiff filed a Memorandum in Opposition thereto (Doc. No. 12).

**I.    Background**

Plaintiff filed an action for disability benefits against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Defendant removed the case to this Court stating that this action involves a claim under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

Defendant then filed the instant motion to dismiss the complaint and to strike Plaintiff's claim for attorneys' fees and jury demand because the insurance policy under which Plaintiff seeks relief is governed by ERISA as an "employee welfare plan," and ERISA preempts state law causes of action.

1

**II.     Standard of Review for a Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**III.    Discussion**

Defendant claims that the insurance policy under which Plaintiff seeks relief is governed by ERISA, all Plaintiff's claims are pre-empted thereby, and Plaintiff's complaint should be dismissed. Plaintiff does not contest Defendant's assertion that ERISA is the exclusive source of substantive law applicable in disputes relating to employee benefit plans, superceding all state law claims; rather, Plaintiff contends that the insurance policy at issue is an individual insurance policy issued by Defendant to Plaintiff individually and is not governed by ERISA.

ERISA applies to any "employee benefit plan." 29 U.S.C. § 1003. Whether the insurance policy at issue falls within ERISA depends on whether the insurance policy qualifies

as an "employee benefit plan." Under ERISA the term "employee welfare benefit plan" is defined as:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical . . . or benefits in the event of sickness, accident, disability, death, or unemployment.

29 U.S.C. § 1002(1).

The Eleventh Circuit has stated that qualifying as an employee welfare plan governed by ERISA requires: "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to participants or their beneficiaries." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982).

The Department of Labor has issued "safe harbor" regulations providing "that group insurance offered to workers through their place of employment will *not* be deemed an ERISA plan if the insurance program satisfies certain enumerated criteria." Randol v. Mid-West National Life Insurance Company of Tennessee, 987 F.2d 1547, 1549 (11th Cir. 1993)(emphasis in original). The safe harbor regulations, which enumerate these criteria, provide that:

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1) No contributions are made by an employer or employee organization;
> (2) Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation,

3

>excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).  Failure to satisfy any one of the four safe harbor provisions "closes the safe harbor and exposes a group insurance program, if it otherwise qualifies as an ERISA program, to the strictures of the Act."  <u>Johnson v. Watts Regulator Company</u>, 63 F.3d 1129, 1133 (1st Cir. 1995).

Defendant's motion asserts in a conclusory manner that the disability insurance policy at issue is within the ambit of ERISA.  Defendant, however, fails to discuss the relevant facts and circumstances surrounding the issuance of the individual disability policy by Defendant to Plaintiff to enable the Court to determine whether or not the disability insurance policy at issue is, in fact, part of an employee welfare benefit plan.  Based on the evidence currently before this Court, the Court cannot conclude that the insurance policy at issue falls within the ambit of ERISA and, therefore, must deny Defendant's motion.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint as Preempted by ERISA (Doc. No. 8) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge